UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IRA KITZEN, individually, and on behalf of PISA
CONTRACTING, INC. d/b/a HANCOCK
CONTRACTING & DESIGN, and on behalf of
ENTERPRISE HOLDINGS, LTD.,
     Plaintiff,

   -against-

PETER HANCOCK, LAND AND SEA
CONSTRUCTION CORP., HCD CONSTRUCTION
MANAGEMENT AND PLANNING CORP., BLUE
GATE CONSULTING CORP., SUSAN HANCOCK,
ELIZABETH HANCOCK, JODI TARSHIS, and
"JOHN" and JANE DOEs 1-10," said names being
fictitious as such names are unknown at this time,

         Defendants,

PISA CONTRACTING, INC. d/b/a HANCOCK
CONTRACTING & DESIGN, and on behalf of
ENTERPRISE HOLDINGS, LTD.

         Nominal Defendants,
-------------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-02966 (ADS)(AKT)

**APPEARANCES:**

**LEVITT LLP**
*Counsel for the Plaintiff*
129 Front Street
Mineola, New York 11501
  By: James E. Brandt, Esq.,
     Steven L. Levitt, Esq., Of Counsel

**FORCHELLI CURTO DEEGAN SCHWARTZ MINEO & TERRANA LLP**
*Counsel for the Defendants Land and Sea Construction Corp., Blue Gate Consulting Corp., Susan Hancock, Elizabeth Hancock and Jodi Tarshis*
333 Earle Ovington Boulevard, Suite 1010
Uniondale, NY 11533
  By: Jeffrey G. Stark, Esq.,
     Gregory S. Lisi, Esq.,
     Michael Ciaffa, Esq.,
     Danielle B. Gatto, Esq., Of Counsel

**LAW OFFICES OF E. MICHAEL ROSENSTOCK P.C.**
*Counsel for the Defendants Peter Hancock and HCD Construction Management and Planning Corp.*
55 Maple Avenue, Suite 206
Rockville Centre, New York 11570
    By:    E. Michael Rosenstock, Esq., Of Counsel

**SPATT, District Judge**:

This action began when the Plaintiff, Ira Kitzen ("Kitzen" or the "Plaintiff"), commenced this action individually and derivatively on behalf of Pisa Contracting, Inc. d/b/a Hancock Contracting & Design ("Pisa"), and Enterprise Holdings, Ltd. ("Enterprise") against the Defendants, Land and Sea Construction Corp. ("Land and Sea"), HCD Construction Management and Planning Corp. ("HCD"), Blue Gate Consulting Corp. ("Blue Gate"), Susan Hancock, Elizabeth Hancock, Peter Hancock and Jodi Tarshis ("Tarshis"), (collectively the "Defendants") for damages stemming from twenty-seven independent causes of action. This case arises from allegations by the Plaintiff that the Defendants engaged in a conspiracy to steal and ultimately destroy Pisa. The Plaintiff asserts this Court's jurisdiction under 28 U.S.C. § 1332.

Presently before the Court is a motion by Defendants Land and Sea, Blue Gate, Susan Hancock, Elizabeth Hancock and Tarshis (together, the "Moving Defendants"), joined by Defendants HCD and Peter Hancock, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(1) to dismiss the Plaintiff's entire complaint or alternatively to stay this matter to await the resolution of a pending state proceeding.

Prior to its ruling, the Court notes that the Plaintiff's memorandum uses footnotes, which is contrary to this Court's Individual Rule II.A. Notwithstanding this infraction, the Court will

consider the Plaintiff's papers in rendering its decision. However, the Court advises the Plaintiff's counsel that any future filings that contain footnotes will not be considered by this Court.

For the following reasons, the Moving Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) is granted.

## I. BACKGROUND

### A. The Factual Background

The Plaintiff is a resident of the State of Florida, residing at 2317 Palm Harbor Drive, West Palm Beach, Florida 33410 at the time the complaint was filed. Kitzen is the owner of 50% of the authorized, issued and outstanding shares of capital stock of Pisa and Enterprise.

Peter Hancock is a resident of the State of New York, residing at 44 Jetmore Place, Massapequa, New York 11758 at the time the complaint was filed. Peter Hancock is married to Susan Hancock.

Susan Hancock is a resident of the State of New York, residing at 44 Jetmore Place, Massapequa, New York 11758 at the time the complaint was filed. She is married to Peter Hancock.

Tarshis is Susan Hancock's daughter from an earlier marriage. She is a resident of the State of New York, residing at 3777 Clark Street, Seaford, New York 11783 at the time the complaint was filed.

Elizabeth Hancock, Peter Hancock's daughter from an earlier marriage, is a resident of the State of New York, residing at 3777 Clark Street, Seaford, New York 11783 at the time the complaint was filed.

Land and Sea is a New York State corporation owned by Peter Hancock, Susan Hancock, Elizabeth Hancock and Tarshis. Its principal place of business at the time the complaint was filed was 3777 Clark Street, Seaford, New York 11783.

HCD is a New York State corporation owned by Peter Hancock, Susan Hancock, Elizabeth Hancock and Tarshis. Its principal place of business at the time the complaint was filed was 44 Jetmore Place, Massapequa, New York 11758.

Blue Gate is a New York State corporation owned by Susan Hancock. Its principal place of business at the time the complaint was filed was 44 Jetmore Place, Massapequa, New York 11758.

Pisa was a New York corporation owned by Kitzen and Peter Hancock that was dissolved in November, 2016. Its principal place of business at the time the complaint was filed was 150 Cary Place, Freeport, New York 11520.

Enterprise is a New York corporation owned by Kitzen and Susan Hancock. Its principal place of business at the time the complaint was filed was 4071 Greentree Drive, Oceanside, New York 11572. Enterprise owns 150 Cary Place, Freeport, New York 11520.

**B. The Relevant Procedural History**

On May 24, 2016, the Plaintiff filed a verified petition for dissolution under special circumstances in the Supreme Court of the State of New York, County of Nassau.

On May 16, 2017, the Plaintiff commenced this action by filing a complaint in this Court. The complaint set forth twenty seven causes of action.

On July 10, 2017, the Defendants filed the instant motion to dismiss all of the Plaintiff's claims pursuant to Rule 12(b)(1).

4

## II. DISCUSSION

### A. Standard of Review

Rule 12(b)(1) requires dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). When a defendant brings a motion to dismiss for lack of subject-matter jurisdiction, it is the plaintiff's burden to establish the existence of subject-matter jurisdiction by a preponderance of the evidence. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113; *see also Aurecchione*, 426 F.3d at 638 ("After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." (internal citations and quotation marks omitted)). "Under FED R. CIV. P. 12(b)(1), '[even] a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient.'" *Frisone v. Pepsico Inc.*, 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (quoting *Peterson v. Continental Airlines Inc.*, 970 F. Supp. 246, 249 (S.D.N.Y. 1997)).

In its assessment of whether it has subject-matter jurisdiction, the Court "need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings." *Williams v. Runyon*, No. 97-civ.-4029, 1997 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999) (internal citations omitted); *accord N.Y.S.*

*Catholic Health Plan, Inc. v. Acad. O&P Assoc.*, 312 F.R.D. 278, 294 (E.D.N.Y. 2015) (citing *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002)); *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

**B. Subject-Matter Jurisdiction**

The Defendants contend that Kitzen's claims should be dismissed, under Rule 12(b)(1), for lack of subject-matter jurisdiction. According to the Defendants, the parties lack a fundamental requirement of diversity jurisdiction, namely, complete diversity of citizenship.

Section 1332 establishes subject matter jurisdiction over "all civil actions…between…citizens of different States." 28 U.S.C. § 1332(a). To properly invoke diversity jurisdiction, the party seeking to invoke it must allege complete diversity of citizenship between all parties in the case. *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (internal citations omitted). This is determined by assessing the parties' citizenship at the time of the filing of the complaint. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations omitted).

According to Section 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). There is no dispute that the Defendants are all citizens of the State of New York for the purposes of invoking diversity jurisdiction. Further, neither party has questioned that the Plaintiff is a citizen of Florida for the purposes of invoking diversity jurisdiction.

However, the parties dispute the alignment of nominal defendants Pisa and Enterprise for diversity purposes in this derivative suit. The Defendants allege that both corporations, which are citizens of the State of New York, are properly aligned as plaintiffs, while the Plaintiff contends

that they are aligned as defendants because both companies are allegedly actively antagonistic to the Plaintiff's interests.

"The general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." *Obstfeld v. Schwartz*, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008) (internal citations and quotations omitted); *ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 45 (S.D.N.Y. 1992) (citing *Duffey v. D.C. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987)). However, if aligning the corporation as a plaintiff would not provide a "real collision of issues," then the court should realign the corporation in order to produce one. *Smith v. Sperling*, 354 U.S. 91, 97, 77 S. Ct. 1112, 1 L. Ed. 2d 1205 (1957); *Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974) ("[T]he federal courts are required to realign parties according to their real interests so as to produce an actual collision of interests." (internal citations omitted)).

This exercise, the Supreme Court emphasized, "is a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Smith*, 354 U.S. at 97. Although, aligning a corporation as a defendant "is only proper when [the] corporation is actively antagonistic to [the] plaintiff's interests." *Obstfeld*, 621 F. Supp. 2d at 93-94 (internal citations and quotations omitted); *accord City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69, 62 S. Ct. 15, 17, 86 L. Ed. 47 (1941).

As a result, "antagonism has generally not been found where the corporation does not, would not, or cannot express opposition to the initiation of the lawsuit." *Netwolves Corp. v. Sullivan*, No. 00-civ.-8943, 2001 WL 492463, at *6 (S.D.N.Y. May 9, 2001); *see also Cohen v. Heussinger*, No. 89-cv-6941, 1994 WL 240378, at *2 (S.D.N.Y. May 26, 1994) ("The instance case does not fall within the boundaries of this exception because [the plaintiff] and [the defendant] were co-equal owners of [the nominal defendant]."); *Sonn on Behalf of WLS Assocs. V. Korein*,

No. 88-cv-1014, 1988 WL 100221, at *1 (S.D.N.Y. Sept. 21, 1998) ("Where an entity such as [a] corporation…has 'retained neutrality' in respect of a plaintiff's derivative claims, there is lacking that requisite degree of antagonism to align the entity as a party defendant." (citing *Lewis*, 503 F.2d at 447)).

The Court rejects the contention by Kitzen that antagonism is properly alleged between the Plaintiff and Pisa and Enterprise as Kitzen's argument ignores the reality of Pisa's and Enterprise's corporate structure. Neither Pisa nor Enterprise could be found to be "actively antagonistic" as alleged by the Plaintiff, because Susan Hancock and Peter Hancock are not the controlling directors or shareholders; they constitute exactly half of the shareholder base for Enterprise and Pisa respectively. Fifty percent is not enough to constitute a majority of each company's shareholder base or boardroom. "That is not enough for [Enterprise] and [Pisa] to be considered 'actively antagonistic' to the litigation because, with 50% of the ownership on each side [of this action], the corporations cannot express their opposition to the initiation of this action." *Grgurev v. Licul*, 229 F. Supp. 3d 267, 282 (S.D.N.Y. 2017); *accord Sullivan*, 2001 WL 492463, at *8.

Therefore, the Court finds that the re-alignment of Enterprise and Pisa as defendants is unjustified. Accordingly, the Court will consider Enterprise and Pisa as plaintiffs for the purpose of obtaining complete diversity. Both Enterprise and Pisa are citizens of the State of New York and the Plaintiff is a citizen of the State of Florida. Thus, the Court's ruling that Enterprise and Pisa are properly viewed as plaintiffs for diversity purposes precludes the complete diversity of citizenship necessary to support subject matter jurisdiction under 28 U.S.C. § 1332.

### III.  CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) is granted.  The Clerk of the Court is directed to close this case.



It is **SO ORDERED**:

Dated:  Central Islip, New York

October 27, 2017

*/s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge
